JUDITH SHOPHET SIDKOFF (SBN 267048)
judith.sidkoff@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone:  (213) 623-9300
Facsimile:   (213) 623-9924

SHARI L. KLEVENS (*Pro Hac Vice*)*
CRAIG M. GIOMETTI (*Pro Hac Vice*)*
shari.klevens@dentons.com
craig.giometti@dentons.com
DENTONS US LLP
1900 K Street, N.W.
Washington, DC  20006
Telephone:  (202) 496-7500
Facsimile:   (202) 496-7756

J. RANDOLPH EVANS (*Pro Hac Vice*)*
randy.evans@dentons.com
DENTONS US LLP
303 Peachtree Street, Suite 5300
Atlanta, GA 30308
Telephone:  (404) 527-4000
Facsimile:   (404) 527-4198

Attorneys for Defendant
Aspen American Insurance Company
**Pro Hac Vice* applications filed concurrently

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIGRO KARLIN SEGAL FELDSTEIN & BOLNO, LLC,<br><br>                        Plaintiff,<br><br>         v.<br><br>ASPEN AMERICAN INSURANCE COMPANY, AND DOES 1-100, inclusive,<br><br>                        Defendants. | Case No. 2:17-CV-00811<br><br>**NOTICE OF REMOVAL**<br>**[28 U.S.C. §§ 1332, 1441 &1446]**<br><br>**[Diversity Jurisdiction]** |

1

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Aspen American Insurance Company ("Aspen") hereby removes to this Court the action described herein from the Superior Court of the State of California and respectfully submits the following statement of grounds for removal:

## THE SUPERIOR COURT ACTION

1. On December 30, 2016, Plaintiff Nigro Karlin Segal Feldstein & Bolno, LLC commenced an action in the Superior Court of the State of California for the County of Los Angeles entitled "*Nigro Karlin Segal Feldstein & Bolno, LLC v. Aspen American Insurance Company, and Does 1 through 100, inclusive*," Case No. BC 645430.

2. Plaintiff asserts claims for a declaratory judgment and for breach of contract based on allegations that Aspen is obligated to provide insurance coverage for a claim asserted by former clients of Plaintiff. In addition to declaratory relief, Plaintiff seeks damages, prejudgment interest, costs, and attorneys' fees.

3. Attached as Exhibit "A" are true and correct copies of the Summons, Complaint, and Notice of Case Management Conference filed in the state court, which constitutes all process, pleadings, orders, and other papers served upon Aspen.

## SERVICE

4. On January 3, 2017, Plaintiff served the Summons and Complaint on Aspen's agent for service of process, CT Corporation System. Aspen is the only defendant that has been served with the Summons and Complaint.

5. This Notice of Removal is timely because it is filed within 30 days of receipt of the initial pleading and within one year of the commencement of the

action. *See* 28 U.S.C. § 1446(b) & (c) and Fed. R. Civ. P. 6(a).

6. Aspen will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal, addressed to Plaintiff and to the Clerk of the Superior Court of the State of California for the County of Los Angeles, in the state court, as required by 28 U.S.C. § 1446(d).

## DIVERSITY OF CITIZENSHIP

7. Plaintiff Nigro Karlin Segal Feldstein & Bolno, LLC alleges that it "is, and at all relevant times was, a California limited liability company with its principal place of business in Los Angeles, California." (Compl. ¶ 1.) However, Plaintiff's Complaint does not identify the members of Nigro Karlin Segal Feldstein & Bolno LLC nor does it identify the citizenship of its members.

8. After investigation, the citizenship of the members of Nigro Karlin Segal Feldstein & Bolno LLC is not reasonably available to Aspen. *See* Declaration of Shari L. Klevens in Support of Notice of Removal attached as Exhibit "B."

9. Where information necessary to establish the citizenship of a limited liability company is not "reasonably available," a party is "permitted to plead jurisdictional allegations as to [the party] on information and belief and without affirmatively asserting specific details regarding the citizenship of [the party]." *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1088 (9th Cir. 2014).

10. Accordingly, because information regarding Plaintiff's citizenship is not reasonably available, Aspen alleges on information and belief that Nigro Karlin Segal Feldstein & Bolno, LLC was not at the time of the filing of the action, and is not now, a citizen of Texas or New York.

11. Aspen was, at the time of filing of the action, now is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Texas, with its principal place of business in New York.

12. Accordingly, on information and belief, at the time this action was

commenced and at the present time, there was and is complete diversity of citizenship because Plaintiff and Aspen are citizens of different states.

13. "Doe" defendants are disregarded in determining diversity of citizenship. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded").

## AMOUNT IN CONTROVERSY

14. In its Complaint, Plaintiff alleges that "Aspen is liable to pay the full amount of the Aspen Policy to NKSFB." (Compl., ¶ 20).

15. The limit of the Aspen Policy at issue is $5 million per claim and in the aggregate.

16. Accordingly, the amount in controversy, exclusive of interest and costs, exceeds the $75,000 jurisdictional minimum for federal diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

## DIVERSITY JURISDICTION

17. Pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction over this action under 28 U.S.C. §§ 1441 and 1446, because it is a civil action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

18. The U.S. District Court for the Central District of California, Western Division is the federal judicial district embracing the Superior Court of the State of California for the County of Los Angeles, where this action was filed. Thus, venue is proper in this Court pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, Aspen hereby gives notice that this action has been removed, in its entirety, from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California for further proceedings as though it originally had been instituted in

the District Court, and prays that this Court retain jurisdiction over this action to the exclusion of any other proceedings in the Superior Court.

Dated: February 1, 2017            DENTONS US LLP


                                   By: /s/ Judith Shophet Sidkoff
                                        Judith Shophet Sidkoff

                                   Attorneys for Defendant
                                   Aspen American Insurance Company

102353692\V-3

5